48 CCPA

**Application of Earl W. ROHRBACHER and Adelbert E. Kolbe.**

**Patent Appeal No. 6609.**

United States Court of Customs and Patent Appeals.

Dec. 8, 1960.

---

[1]. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of* *Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28 United States Code.

532

Willits, Baillio & Burch, Detroit, Mich. (Frank J. Soucek, Washington, D. C., and Doonan D. McGraw, Detroit, Mich., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPAT-RICK.[1]

WORLEY, Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 1 to 9, inclusive, of appellants' application for a patent on a cooling liquid pump for engines. Claim 1, which is representative of the appealed claims, is as follows:

"1. A cooling liquid pump for engines having parallel rows of liquid cooled cylinders and comprising an elongated pump casing adapted to extend between said rows of cylinders and to be secured at the opposite ends thereof to the liquid cooling cavity walls of said rows of cylinders, said casing being formed to provide a cylindrical impeller chamber extending transversely of said casing and between said ends and an inlet chamber at one end of said impeller chamber and a discharge chamber outwardly of said impeller chamber, said discharge chamber being an elongated chamber surrounding said impeller chamber and communicating with said impeller chamber throughout the peripheral extent of said impeller chamber and extending in opposite directions toward said ends and within oppositely disposed walls of said casing extending to and converging toward and about said ends of said casing, said casing ends being formed to provide outlet ports opening laterally of said casing through one of the side walls of said casing and being adapted to provide communication between said discharge chamber and the cooling liquid cavities within said cavity walls of said rows of cylinders, said one of the side walls of said casing being formed to provide a removable cover for said casing, said impeller chamber and said discharge chamber being open and accessible across the width thereof through an opening in said one side wall of said casing when said cover is removed from said casing."

The references relied on are:

Applin 1,366,149 January 18, 1921.
Vincent 1,386,816 August 9, 1921.
Bull 1,461,711 July 10, 1923.
Anibal 1,848,987 March 8, 1932.
Ford 2,434,038 January 6, 1948.

Appellants' application discloses an internal combustion engine of the V type and a pump for circulating the cooling

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of* Judge *O'CONNELL*, pursuant to provisions of Section 294(d), Title 28 U.S.C.

liquid. The pump comprises an elongated casing which extends horizontally across one end of the engine at the top of the V and is bolted to the end portions of the cylinder banks. A rotatable impeller with radial vanes is mounted in the casing in communication with a central inlet passage and a discharge chamber. The ends of the casing are provided with horizontal ports which communicate with the discharge chamber and with passages opening through the end walls of the cylinder banks into the cooling chambers surrounding the cylinders. The pump inlet is connected with the radiator and the engine cooling chambers communicate with the radiator through a passage having a thermostatically controlled valve.

The claims were rejected as being drawn to a combination of an engine and a cooling pump, which combination broadly is shown to be old by the patents cited, and were further rejected as being indefinite.

■ The first ground of rejection is based on the board's holding that the claims are not drawn merely to pump structure, as contended by appellants, but that the engine forms a part of the claimed combination.

It is clear that the engine is not positively recited as an element of any of the claims. It is referred to only by such statements as that the pump is "for" engines of a particular type and that the pump chambers are "adapted" to communicate with certain portions of the engine. We are of the opinion that such statements are intended merely to define the structure of the pump itself and that, as stated in appellants' brief:

"The pump defined by the claims may be separated from the engine and carried away from the engine. The claims still read on the pump after it has been carried away."

The only authority cited by the board in support of its holding that the engine forms part of the claimed combination is Kropa v. Robie et al., 38 CCPA 858, 187 F.2d 150. In that case it was held that, under the particular circumstances there involved, an introductory statement that the article claimed was "an abrasive article" constituted a limitation on the claim. The language here involved, however, is not of that type. The appealed claims do not state that the article claimed is an engine or includes an engine, but merely that it is for an engine or is adapted to be connected therewith. Such statements of adaptation for an intended use have been held not to limit the claims to the particular use specified. Brown Mfg. Co. v. Deere et al., 7 Cir., 61 F. 972.

While the device recited in the appealed claims is intended to be used with an engine and has a particular structure adapting it for such use, the claims define only the structure of the pump itself and not a combination of the pump with an engine. The rejection on the ground of old combination was therefore improper.

■ The rejection on the ground of indefiniteness was based on the board's holding that "the engine of the disclosure is not the engine recited in the claims," for the reasons that the pump is not located between the cylinders and the engine does not have parallel rows of cylinders. Since, for the reasons given above, we hold that there is no engine recited in the claims, this ground of rejection must fall.

■ Moreover, while the pump as shown in appellants' application is located in the strict sense of the word just beyond the end of the space "between" the cylinders, and while it is the cylinders rather than the rows of cylinders which are parallel, we do not think the language used in the claims is so inapt as to warrant a rejection on the ground of indefiniteness. Appellants' specification describes the cylinders as being in "parallel rows" and the pump as being "between the cylinder banks," and the record does not indicate that the examiner objected to that language as indefinite or misdescriptive. There is thus a clear antecedent basis in the spec-

534

ification for the language used in the claims, and the sense in which the claims are to be construed is apparent. Within reasonable limits an applicant is his own lexicographer and words used in his claims are to be interpreted in the sense in which they are used in his specification. Kennicott v. Holt Ice & Cold Storage Co., 7 Cir., 230 F. 157; and H. J. Wheeler Salvage Co. v. Rinelli & Guardino, D.C., 295 F. 717.

While, for the reasons above stated we conclude that the claims were not properly rejected on the grounds given by the Patent Office, we note that the examiner appears to have expressed no opinion whether the pump structure recited in the appealed claims is novel. Our decision herein does not preclude a consideration of that question when the case has been returned to the Patent Office.

The decision is reversed.

Reversed.